MAGISTRATE'S CRIMINAL MINUTES
ARRAIGNMENT
PLEA AND SENTENCE



|  | Time in Court: | Hrs. | 12 | Mins. |
|---|---|---|---|---|
| Filed in Open Court | Date: 4/7/2022 | Time: 2:27 p.m. | Tape: | FTR |

Magistrate (presiding): __Justin S. Anand__    Deputy Clerk: __B. Evans__

| | Case Number: | 1:22-cr-106 | Defendant's Name: | Herbert Youmans |
|---|---|---|---|---|
| | AUSA: | Leanne Marek | Defendant's Attorney: | Carmen Brooks |
| | USPO/PTR: | J. Alexander | Type of Counsel: ( ) Retained ( ) CJA (x) FDP | |
| x | ARREST DATE: | 4/7/2022 | | |
| | INTERPRETER: | | | |
| x | INITIAL APPEARANCE HEARING: (x) In This District | | Dft in custody? ( ) Yes (x) No | |
| | Hearing conducted by video teleconference with consent of the parties. | | | |
| | Defendant advised of right to counsel. ( ) WAIVER OF COUNSEL FILED. | | | |
| x | ORDER appointing Federal Defender Program as counsel. (x) INITIAL APPEARANCE ONLY | | | |
| | ORDER appointing | | as counsel. | |
| | ORDER giving defendant | | days to employ counsel. | |
| | Dft to pay attorney fees as follows: | | | |
| | INFORMATION/INDICTMENT FILED | | WAIVER OF INDICTMENT FILED- | |
| x | Copy ~~information~~/indictment give to dft (x) Yes ( ) No | | Read to dft? ( ) Yes ( ) no (x) prior to hrg | |
| | CONSENT TO TRIAL BEFORE MAGISTRATE (Misd/Petty) offense filed. | | | |
| x | ARRAIGNMENT HELD ( ) Information/ | | ( ) Dft's WAIVER of appearance filed. | |
| | Arraignment continued to | @ | Request of ( ) Govt ( ) Dft | |
| | Dft failed to appear arraignment | Bench Warrant Issued: | | |
| x | Dft enters PLEA OF NOT GUILTY. ( ) Dft stood mute; plea of Not Guilty entered. ( ) Waiver of appearance | | | |
| | MOTION TO CHANGE PLEA, and order allowing same | | | |
| | PLEA OF GUILTY/NOLO as to counts | | | |
| x | ASSIGNED to District Judge | Cohen | for (x) trial ( ) arraignment/sentence | |
| x | ASSIGNED to Magistrate Judge | Salinas | for pretrial proceedings. | |
| x | Estimated trial time: | days | (x) SHORT ( ) MEDIUM ( ) LONG | |

ARRAIGNMENT – Pg. 2                                     CASE NO. 1:22-CR-106-03

|   | | |
|---|---|---|
|   | CONSENT TO PRE-SENTENTCE INVESTIGATION filed. Referred to USPO for PSI and continued until      at | for sentencing. |
| x | Government's MOTION FOR DETENTION filed. Hearing set | for 4/11/2022 at 11:00 a.m. |
| x | Temporary commitment issued. Dft remanded to custody of U.S. Marshal Services | |
|   | Defendant does not contest detention at this time. | |

BOND/PRETRIAL DETENTION HEARINGS

|   | |
|---|---|
|   | BOND/PRETRIAL DETENTION HEARING HELD. |
|   | BOND HEARING HELD. |
|   | Defendant to remain on pretrial release under the terms and conditions set forth in the U.S. District Court for (other district) |
|   | GOVERNMENT'S MOTION FOR DETENTION ( ) GRANTED    ( ) DENIED    ( ) WITHDRAWN |
|   | WRITTEN ORDER TO FOLLOW. |
|   | HEARING HELD on motion for reduction / modification of bond. |
|   | MOTION FOR REDUCTION OF BOND / MODIFICATION OF BOND ( ) GRANTED    ( ) DENIED |
|   | WRITTEN ORDER TO FOLLOW. |
|   | BOND SET AT $ |
|   | NON-SURETY |
|   | SURETY  ( ) Cash       ( ) Property       ( ) Corporate Surety |
|   | SPECIAL CONDITIONS:<br>SEE ORDER. |
|   | BOND FILED; DEFENDANT RELEASED. |
|   | BOND NOT EXCUTED. DEFENDANT TO REMAIN IN MARSHAL'S CUSTODY. |
| X | DEFENDANT HAS BEEN ADVISED:<br>Pursuant to the Due Process Protections Act, see Fed. R. Crim. P. 5(f), the government is ordered to adhere to the disclosure obligations set forth in *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, and to provide all materials and information that are arguably favorable to the defendant in compliance with its obligations under *Brady*; *Giglio v. United States*, 405 U.S. 150 (1972); and their progeny. Exculpatory material as defined in *Brady* and *Kyles v. Whitley*, 514 U.S. 419, 434 (1995), shall be provided sufficiently in advance of trial to allow a defendant to use it effectively, and exculpatory information is not limited to information that would constitute admissible evidence. The failure of the government to comply with its *Brady* obligations in a timely manner may result in serious consequences, including, but not limited to, the suppression or exclusion of evidence, the dismissal of some or all counts, adverse jury instructions, contempt proceedings, or other remedies that are just under the circumstances. |